IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | Chapter 11 |
|---|---|
| In re | Case No. 09-bk-26913 |
| MANSTONE COUNTERTOPS, LLC, | Case No. 09-bk-32033 |
| Debtor. | |
| In re | MEMORANDUM DECISION REMOVING ROBERT M. COOK AS ATTORNEY FOR THE DEBTORS OUT-OF-POSSESSION IN JOINTLY ADMINISTERED CASES |
| DAVID R. ROBINSON and CHELLE C. ROBINSON, | |
| Debtors. | |

On July 25, 2012, the Court entered a Minute Entry Order directing Robert Cook to appear on September 5, 2012 to Show Cause, if any, why he should not be removed as counsel for the above-captioned jointly administered cases ("OSC").[1] As background, the Court had held a hearing on June 7, 2012 on the Fifth (5th) Amended Disclosure and Plan. Mr. Cook was present at the hearing. The Court denied the Fifth Amended Disclosure statement, outlined numerous concerns with the Plan and Amended Disclosure Statement, and directed Mr. Cook to file a Sixth (6th) Amended Disclosure Statement by July 6, 2012. A continued hearing was held on July 25, 2012 to address the Sixth (6th) Amended Disclosure Statement. Mr. Cook failed to file an amended disclosure statement as directed by the Court and failed to appear at the hearing. The

---

[1] Docket Entry No. 222.

1  United States Trustee outlined its concern with the cases, and the Court appointed a Chapter 11
2  Trustee in both cases pursuant to In re Bibo, Inc., 76 F.3d 256 (9th Cir. 1996). The Court further
3  issued an Order to Show Cause against Mr. Cook to appear before the Court on September 5,
4  2012 and show cause, if any, why he should not be removed as counsel for the Debtors-not-in-
5  possession.

6  The Ninth Circuit has distinguished between the employment of counsel when the
7  debtor is in possession and when it is not. If the debtor is a debtor-in-possession, then the debtor
8  is similar to a trustee and, as a fiduciary, controls the bankruptcy estate. See 11 U.S.C. § 1107.
9  In re Weibel, Inc., 176 B.R. 209, 212 (9th Cir. BAP 1994). Any professional employed by the
10 debtor-in-possession is expected to act only on behalf of the estate. Hence, the bankruptcy court
11 must approve the employment of counsel - if counsel acts on behalf of the debtor in possession.
12 Id. at 212. However, if the debtor is not a debtor-in-possession and the debtor employs counsel
13 to represent the debtor, then counsel is acting on behalf of the debtor and not the estate, though
14 counsel is still subject to the constraints of Section 329 and Bankruptcy Rules 2016 and 2017. Id.

15 Nonetheless, the bankruptcy court has the power to enter "necessary or
16 appropriate orders" under its inherent power, to impose sanctions for certain egregious conduct.
17 11 U.S.C. § 105; In re Deville, 280 B.R. 483 (9th Cir. BAP 2002). Courts have the inherent
18 power or authority to sanction misconduct and abuse of the legal system by parties appearing
19 before them. In re Taub, 439 B.R. 276 (Bankr. E.D. N.Y. 2010). Individual judicial districts are
20 free to define the rules to be followed and the grounds for punishment. In re Lehtinen, 564 F.3d
21 1052, 1062 (9th Cir. 2009). However, the Ninth Circuit has made it clear that a "lawyer subject
22 to discipline is entitled to due process, including notice and an opportunity to be heard." In re
23 Lehtinen, 564 F.3d 1052, 1060 (9th Cir.2009). In order to utilize its inherent power to impose
24 sanctions, the bankruptcy court must make an explicit finding that counsel's conduct constituted
25 or was tantamount to bad faith. Valdez v. Kismet Acquisition, LLC, 474 B.R. 907, 917 (S.D.
26 Cal. 2012). A party may demonstrate bad faith by "delaying or disrupting the litigation or
27 hampering enforcement of a court order." Id.
28

| | |
|---|---|
| 1 | The record reflects, and this Court finds that Mr. Cook, in his capacity as counsel |
| 2 | for the Debtors, both delayed this bankruptcy proceeding and hampered an order of this court. |
| 3 | The Manstone Countertops LLC case was filed on October 22, 2009. After the initial disclosure |
| 4 | statement was filed on November 19, 2010, Mr. Cook filed five amended disclosure statements. |
| 5 | The Third (3rd) Amended Disclosure Statement, filed on December 2, 2011, first alerted the |
| 6 | Court and other parties that Debtor Manstone Countertops, LLC ("Manstone") intended to fund |
| 7 | its Plan of Reorganization, at least in part, through payments made to Manstone from |
| 8 | Air2WaterGlobal, LLC ("Air2Water"). Air2Water is an entity wholly-owned by David and |
| 9 | Chellee Robinson, the principals of Manstone, and the individual debtors in a jointly |
| 10 | administered case with Manstone. |

The Court held a status hearing on December 6, 2011 at which the Court and the United States Trustee expressed to Mr. Cook that the debtors needed to disclose more information about Air2Water. Mr. Cook filed a Fourth (4th) Amended Disclosure Statement and a Fifth (5th) Amended Disclosure Statement, and hearings were held on these on February 7, 2012 and June 7, 2012, respectively. Both of these amended disclosure statements still failed to properly inform the Court and interested parties as to the projected income of Air2Water. As a result, the Court found that creditors did not have adequate information. For instance, unsecured creditors were being promised payment of anywhere between 10%-100% of their claims, and that wide range all depended upon Air2Water's distributions. Furthermore, as property of the Robinsons' bankruptcy estate, Air2Water would either have to pay the Robinsons' creditors in full or all of the impaired creditors would need to consent to their treatment in order for Air2Water to make distributions to Manstone's reorganization. Thus, Air2Water's financial projections were critical for interested parties to make an informed judgment about Manstone's Plan of Reorganization.

Despite these failed attempts, the Court gave Mr. Cook another opportunity by allowing him to file a Sixth (6th) Amended Disclosure Statement, including financial projections for Air2Water, and continued the hearing to July 25, 2012. Manstone failed to file these

documents, and Mr. Cook failed to appear at the July hearing. At this point, the Court appointed a Chapter 11 Trustee for both Debtor Manstone and the individual debtors, the Robinsons. The Court next held a hearing on October 10, 2012, at which the newly appointed Chapter 11 Trustees[2] for both Manstone and the Robinsons and Mr. Cook appeared. Both Chapter 11 Trustees requested that Mr. Cook submit his final fee applications, while the issue of whether Mr. Cook could continue on as the attorney for the Robinsons as debtors-out-of-possession in the Manstone case was left open.

On December 19, 2012, the Court held another hearing where it was brought to the Court's attention that, despite being removed as counsel for the debtor-in-possession in July 2012, Mr. Cook had filed operating reports on behalf of Manstone in December 2012. Additionally, Mr. Cook advised the Court of Manstone's business developments at the hearing. The Chapter 11 Trustee for Manstone reported that she had not been informed of these business developments and had not received any of the operating reports filed by Mr. Cook prior to Mr. Cook filing them. In essence, Mr. Cook, in direct contravention of the Court's previous orders and admonishments, continued to act as the attorney for Manstone, as if it were still a debtor-in-possession, even long after he had been removed as counsel. Based on Mr. Cook's continued involvement, Mr. Robinson, as principal of the Debtor, continued to disclose all of Manstone's business developments and operations to Mr. Cook rather than to the Chapter 11 Trustee. Thus, the Court finds that Mr. Cook's failure to obey the court directives delayed the administration of the case, and interfered with the duties of the duly appointed Chapter 11 Trustee.

Mr. Cook's actions constitute conduct tantamount to bad faith and require the Court to exercise its inherent authority to sanction such misconduct accordingly. Therefore, the Court finds that in the interest of justice, and to preserve the integrity of the proceedings before it, Mr. Cook must be removed as counsel for Manstone and the Robinsons as debtors-out-of-

---

[2] See Case No. 09-bk-32033, Docket No. 67, Order appointing Warren J. Stapelton as Chapter 11 Trustee in the David and Chellee C. Robinson case. *See also* Case No. 09-bk-26913, Docket No. 240, Order appointing Trudy A. Nowak as Chapter 11 Trustee in the Manstone Countertops, LLC case.

possession. The Robinsons may obtain other counsel to represent them as debtors-out-of-possession.

Based upon the foregoing,

IT IS ORDERED removing Robert Cook as counsel for Manstone and the Robinsons as debtors-out-of-possession.

IT IS FURTHER ORDERED directing the Robinsons to cooperate with the Chapter 11 Trustees, as to the Manstone case and their own Chapter 11 case.

IT IS FURTHER ORDERED directing the Clerk's Office to provide notice immediately of this Memorandum Decision to the Debtor, Debtor's counsel, and all interested parties.

DATED this 17th day of January, 2013

*[signature]*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge